UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No.  2:14-mc-50618
      District Judge Robert H. Cleland
      Magistrate Judge Anthony P. Patti

CARLA CAMPBELL,

      Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S OBJECTION (DE 14) TO THE COURT'S GARNISHEE ORDER TO PAY (DE 12)**

**I.**     **RECOMMENDATION**: The Court should modify its August 27, 2014 Order pursuant to 28 U.S.C. § 3013.

**II.**     **REPORT**

    **A.**   **Background**

In 2002, Defendant Carla Campbell pled guilty to Bank Fraud, Aiding and Abetting under 18 U.S.C. § 1344.2.  *U.S.A. v. Campbell*, No. 02-cr-80166 (E.D. Mich. May 9, 2002).  As part of her plea agreement, the Court ordered Ms. Campbell to pay restitution in the amount of $61,260.15 pursuant to 18 U.S.C. § 3663(a)(3).  (*Id.* at DE 10.)  In the Court's Order for Wage Assignment, Ms.

Campbell was required to assign $12.50 of her weekly wages from Transfer Automotive until the debt was paid in full. (*Id.* at DE 15.) Ms. Campbell has thus far paid over $10,000 in restitution, and, to date, owes $51,085.65.

At some point in the interim, Ms. Campbell changed jobs and failed to make arrangements to continue paying the restitution in weekly installments. In the instant case, the United States issued Writs of Continuing Garnishment to the State of Michigan, Principal Financial Group, and Amsted Industries ("Amsted").[1] Principal Financial Group answered on June 9, 2014 and reported that Ms. Campbell was not an employee. (DE 7.) Amsted answered on July 15, 2014 and indicated that, while Ms. Campbell was no longer an employee, she had approximately $88,236.34 worth of shares of stock in the company, as a participant in an Employee Stock Ownership Plan ("ESOP"), a retirement plan covered under the Employee Retirement Income Security Program ("ERISA").[2] (DE 11.) Specifically, Amsted provided the following:

> In accordance with the terms of the ESOP, Ms. Campbell has requested the third installment distribution of her ESOP account. Under the ESOP, Ms. Campbell's ESOP benefit is being distributed in

---

[1] According to Ms. Campbell, Amsted Industries is the parent company of her former employer, Transfer Automotive.

[2] Although Ms. Campbell does not challenge the United States' authority to garnish her interest in an ERISA plan, such a garnishment is permissible in this circumstance. *See U.S. v. Tyson*, 265 F.Supp.2d 788, 791 (E.D. Mich. 2003); *U.S. v. Clark*, No. 02-X-74872, 2003 WL 22889389 (E.D. Mich. June 11, 2003); *see also, U.S. v. Rice*, 198 F. Supp.2d 1196 (N.D. Okla. 2002).

>five (5) annual installments. The first two installments were distributed to Ms. Campbell during 2013 and 2012. Each installment distribution represents approximately twenty percent (20%) of the shares of stock of AMSTED Industries allocated to Ms. Campbell's ESOP account. The requested third installment distribution is 164.3410 shares of AMSTED stock, which has a total value of $32,892.85, based upon the quarterly appraised stock value determined as of September 30, 2014.

(DE 17-1.) Amsted went on to note that it would not process any distributions, pending further direction from the Assistant United States Attorney or the Court. (Id.)

On August 27, 2014, when Ms. Campbell failed to timely object to the Writs of Continuing Garnishment, the Court ordered Amsted to liquidate $51,085.65 of the ESOP funds and to disburse the money in accordance with the provisions in Case Number 02-cr-80166. (DE 12.) Ms. Campbell eventually filed her objection and request for a hearing on this matter on January 22, 2015. (DE 14.) The matter was then referred to me. (DE 15.) The United States did not file a response to Ms. Campbell's objection and request for a hearing.

This matter came before me for a hearing on February 18, 2015. The United States and Ms. Campbell, who is proceeding without the assistance of counsel, were given an opportunity to state their positions. Ms. Campbell objected to the Court's Order that her entire ESOP distribution is to be used to satisfy her restitution debt. Specifically, Ms. Campbell noted that she is currently a full-time nursing student in a registered nursing program at Wayne County Community

College. She will graduate in December 2015. She is employed at St. John Macomb Hospital, but described her work as contingent. Ms. Campbell asserted that, during her schooling, she has supported herself and her two children primarily with the yearly distributions from the ESOP plan. Ms. Campbell recognized her obligation to pay the restitution, demonstrated what appeared to be genuine contrition and embarrassment for her underlying criminal activity, and respectfully acknowledged that she should have made arrangements to continue to make payments after she left her job at Transfer Automotive. According to Ms. Campbell, she has until March 1, 2015 to elect to receive her yearly ESOP disbursement for 2015, and until November 1, 2015 to tender her election for 2016.

     The United States opposes any modification of the Court's Order. The government noted that it is entitled to step into Ms. Campbell's shoes and ask for the full yearly distribution in satisfaction of the restitution. The United States argued that Ms. Campbell's victims are entitled to prompt restitution. The United States acknowledged, however, that the Court is able to modify its Order pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), at 28 U.S.C. § 3013. The United States further suggested that an 80:20 (Government:Campbell) split of the 2015 net distribution (post-tax/penalty) would be equitable, because Ms. Campbell's economic circumstances are "not extraordinary"; however, having

recently received a financial statement from Ms. Campbell, the government did not challenge her assertions as to her current educational or economic status.

The parties have attempted settlement several times, but all attempts have been unsuccessful. The parties are in agreement that Ms. Campbell is entitled to take a percentage of her ESOP holdings each year, and that this amounts to $32,892.85 for 2015. This figure is supported by the letter from Amsted's ESOP committee. (DE 17-1.)[3]

### B. Standard

The Court has general authority to suspend or modify a writ of garnishment pursuant to 28 U.S.C. § 3013. This statute provides, in its entirety:

> The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter.

28 U.S.C. § 3013; *see also United States v. McGlothlin*, 249 F.3d 783, 784 (8th Cir. 2001) ("The district court has substantial discretion in determining how restitution be paid") (internal citation omitted). The Court also has authority to "adjust the payment schedule . . . as the interests of justice require" after the defendant notifies the court of a change in his or her economic circumstances. 18

---

[3] This would indicate a total current value of $98,678.55 ($32,892.85 x 5= $164,464.25 x 60%), notwithstanding the $88,236.34 value reported by Amsted in its July 8, 2014 answer to the garnishment. (DE 11.) The parties do not explain this discrepancy, although Amsted does note that the stock was revalued on September 30, 2014, which presumably provides the explanation. (DE 17-1.)

5

U.S.C. § 3664(k); *see also United States v. Bates*, No. 07-mc-50243, 2012 WL 2458170, at *3 (E.D. Mich. June 27, 2012) (construing a *pro se* defendant's motion for hearing as a motion to modify payment terms pursuant to 18 U.S.C. § 3664(k)).

### C. Discussion

The Undersigned concludes that a modification of the Court's August 27, 2014 Order would serve the interests of justice. The parties agree that Ms. Campbell owes $51,085.65 to satisfy the restitution owed pursuant to *U.S.A. v. Campbell*, No. 02-CR-80166 (E.D. Mich. Aug. 13, 2002). As noted above, Ms. Campbell is a full-time student and will graduate as a registered nurse in December 2015. She indicates that she is only able to support herself and her two children using the yearly ESOP disbursements and contingent employment. The Undersigned believes that Ms. Campbell's educational pursuits are valuable and signify her attempts at rehabilitation.

However, Ms. Campbell has failed to make payment on her debt for a number of years, and the United States' argument that her victims are entitled to prompt restitution is well taken. If the Court's Order is not modified, her debt could be paid in full within two years. In contrast to this, under the initial payment plan, only $12.50 was being garnished from her weekly wages to satisfy the debt. If she remained under the initial plan, paying around $650 per year, her victims would not receive full restitution for approximately 95 years.

I believe that the following schedule will serve the competing interests of justice in this case, and accordingly recommend modification of the Court's August 27, 2014 Order (DE 12) as follows:

1. Amsted shall disburse the entire amount allowable ($32,892.85) in 2015. From that disbursement, taxes and penalties shall be withheld off the top by the ESOP plan administrator.[4]

2. Ms. Campbell and the United States are each to receive fifty percent (50%) of the amount remaining after taxes and penalties have been deducted from the 2015 disbursement, with the United States' portion being remitted directly to the Clerk of the Court, at the Theodore Levin U.S. Courthouse, 231 W. Lafayette, Fifth Floor, Detroit, Michigan 48226.

3. Beginning with the 2016 disbursement, and continuing until the restitution is paid in full, Amsted shall liquidate the maximum amount allowable under the ESOP plan (after withholding any applicable taxes and penalties) to the Clerk of the Court, until the $51,085.65 restitution amount (plus any additional interest, and offset by any funds received from any source) has been paid, all of which is to be periodically re-calculated and certified by the U.S. Attorney, as necessary, with notice to Defendant. Once the restitution obligation has been fully satisfied, Amsted may continue to make disbursements to Ms. Campbell in accordance with the terms of the ESOP plan, and the Clerk of the court is likewise directed to remit any overpayment that it may have received to Ms. Campbell.

4. If Ms. Campbell is in a similar financial position in 2016, even after graduating from nursing school, she may revisit the matter by providing a sworn financial disclosure to the United States and filing a motion prior to further distributions. The form and content of any such financial disclosure must be determined by the United States.

---

[4] *See, e.g.,* 28 U.S.C. § 3205, which provides that a court may issue a writ of garnishment against a property that is in the "possession, custody, or control of a person other than the debtor," in which the debtor "has a substantial nonexempt interest," in order to satisfy a judgment against the debtor.

This recommended plan takes into account the disparity between the historical rate of Ms. Campbell's restitution ($12.50 per week while she was still gainfully employed) and the rate at which she would now be making restitution (in excess of $20,000 per year, while she is a full-time student) in the absence of a modification. I am not recommending forgiveness of Ms. Campbell's debt to her victims, nor could I, nor would I be inclined to do so; but I am recommending partial forbearance for one year, at a rate of repayment which still far exceeds that which has thus far been achieved. The above plan will help to ensure that Ms. Campbell can finish her schooling in 2015 and then aggressively pay off the remaining money owed. After taking her recommended portion of the 2015 disbursement, Ms. Campbell will still have sufficient funds in her account to satisfy the debt in full, which should alleviate the United States' concern that she will fail to pay the entire amount in a timely manner.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: February 23, 2015          s/Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 23, 2015, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti
                                        (313) 234-5200